894

GLAMORENE PRODUCTS
CORPORATION,
Appellant,

v.

The PROCTER & GAMBLE
COMPANY, Appellee.

Patent Appeal No. 76–576.

United States Court of Customs
and Patent Appeals.

Aug. 12, 1976.

Mark N. Donohue, Russell H. Falconer, Brumbaugh, Graves, Donohue & Raymond, New York City, attorneys of record, for appellant; Melvin H. Kurtz, New York City, of counsel.

John W. Melville, John D. Hayes, Melville, Strasser, Foster & Hoffman, Cincinnati, Ohio, attorneys of record, for appellee; John J. Cummins, Cincinnati, Ohio, of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE AND MILLER, Associate Judges.

LANE, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board (board) [1] sustaining appellee's opposition

1. 188 USPQ 704 (1975).

against appellant's application for registration of the mark BOUNCE BACK and dismissing appellant's counterclaim in the same opposition proceeding.[2] We affirm.

### Background

Glamorene Products Corporation (Glamorene) filed an application to register BOUNCE BACK for a cleaning composition in aerosol form for cleaning rugs, asserting that the mark was first used on August 26, 1971.

Registration was opposed by The Procter & Gamble Company (P & G), the owner of registration No. 819,633 for the mark BOUNCE for a dry cleaning detergent. This registration issued November 29, 1966 to Cowles Chemical Company, a subsidiary of Stauffer Chemical Company (Stauffer). It was assigned to Stauffer and subsequently reassigned, on October 20, 1971, to P & G.

As grounds for opposition, P & G alleged that P & G and its predecessors in business had continuously used the mark BOUNCE for a dry cleaning detergent since January 6, 1966, that P & G in its own behalf adopted and began using the mark BOUNCE for a fabric softener on May 19, 1971, and that Glamorene's mark so resembled that of P & G as to be likely, when applied to Glamorene's goods, to cause confusion or mistake or to deceive.

Glamorene counterclaimed for cancellation of P & G's registration No. 819,633, alleging that the assignment from Stauffer to P & G was an assignment in gross and that no rights were transferred thereby from Stauffer to P & G. Glamorene alternatively requested that its mark be registered for the State of California, alleging first use in that state. An application for registration as a concurrent user was filed together with this request for alternative relief.

The board sustained the opposition by P & G, refused registration to Glamorene, and dismissed Glamorene's counterclaim.

### OPINION

This appeal presents three issues for our consideration: (1) whether the assignment of registration No. 819,633 for the mark BOUNCE for a dry cleaning detergent from Stauffer to P & G was an assignment in gross, i. e., the naked assignment of a bare mark, and therefore ineffective; (2) whether the contemporaneous use of BOUNCE BACK by Glamorene for an aerosol rug cleaner and BOUNCE by P & G for a dry cleaning detergent or fabric softener would be likely to cause confusion or mistake or to deceive; and (3) whether Glamorene is at least entitled to registration of its mark for the State of California.

On this record, as the issues have been framed and argued by the parties, we find no reversible error committed by the board. The facts demonstrate an effective assignment from Stauffer to P & G, not an assignment in gross. In this regard, the trademark assignment of October 20, 1971 expressly states that for good and valuable consideration received, Stauffer assigns to P & G the trademark "together with the goodwill of the business symbolized by said trademark and in connection with which said trademark is used." At the time of the assignment, Stauffer had a going business and there was substantial goodwill associated with the mark BOUNCE as a dry cleaning detergent. Moreover, P & G's witness Rue testified that P & G had been actively working on its own dry cleaning detergent since 1968. P & G paid good and valuable consideration for the mark which it subsequently used in connection with sales of its own dry cleaning detergent. On these facts, we find that there was an effective assignment, notwithstanding Stauffer's retention of a small, residual inventory which was sold by Stauffer to eliminate warehouse stock after the assignment. Glamorene complains that, after the assignment, Stauffer retained the tangible assets of its business. However, transfer of tangible assets (inventory, labels, customer lists, formulas, etc.) is not necessary to an effective

2. Trademark opposition No. 53,681 by The Procter & Gamble Company against Glamorene Products Corporation's application serial No. 404,198 filed October 4, 1971.

trademark assignment. *Sterling Brewers, Inc. v. Schenley Industries, Inc.*, 441 F.2d 675, 58 CCPA 1172 (1971); *Hy-Cross Hatchery, Inc. v. Osborne*, 303 F.2d 947, 49 CCPA 1163 (1962).

■ Regarding likelihood of confusion, we fully agree with the board that the contemporaneous use of BOUNCE BACK by Glamorene for an aerosol rug cleaner and BOUNCE by P & G for a dry cleaning detergent or fabric softener would be likely to cause confusion or mistake or to deceive. We reach this conclusion bearing in mind all the elements set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357 (CCPA 1973). Glamorene's mark BOUNCE BACK includes the entire BOUNCE mark of P & G, and the marks as a whole create substantially the same commercial impression. BOUNCE BACK, the carpet cleaner, connotes the rehabilitation of a carpet after it has been cleaned. Similarly, BOUNCE, the dry cleaning detergent, connotes the production of clean goods after bouncing out dirt therefrom. BOUNCE, the fabric softener, connotes the production of clean, bouncy-soft goods. In our view, BOUNCE BACK has no more connotation of rehabilitation than does BOUNCE when both marks are applied to products in the cleaning field. Moreover, the record fails to show any third party usage of BOUNCE, or a composite including BOUNCE, in the cleaning field. BOUNCE is unique in the field, clearly serves as an indicator or origin of a product, and qualifies as a strong trademark. Glamorene argues in its brief that BOUNCE BACK rug cleaner is currently sold in a form intended for household use, whereas BOUNCE dry cleaning detergent is sold through industrial trade channels. Glamorene urges that because of these dissimilar channels of trade, the two marks are capable of coexisting in commerce without any likelihood of confusion. This argument, however, ignores the distinct possibility that distributors may simultaneously handle the BOUNCE BACK rug cleaner of Glamorene and the BOUNCE products of P & G. Moreover, Glamorene's application for registration does not specify sales through particular channels of trade or to a particular class of purchasers, and the fact that the channels or purchasers are actually different is not controlling. *Hunt Foods & Industries, Inc. v. Gerson Stewart Corp.*, 367 F.2d 431, 54 CCPA 751 (1966). The issue of likelihood of confusion must be resolved on the basis of the goods as broadly stated in Glamorene's application for registration.

■ Finally, Glamorene argues that it is at least entitled to registration of its mark for the State of California. However, it is sufficient to note that Glamorene could not qualify for such a registration in view of prior registration No. 819,633 covering BOUNCE for a dry cleaning detergent.

Accordingly, the decision of the board is *affirmed*.

*AFFIRMED.*

# UNITED STATES COURT OF APPEALS

## Fifth Circuit

---

## DECISIONS WITHOUT PUBLISHED OPINIONS

The following cases have been decided without formal opinion prepared for publication in the permanent law reports:

| Title | Docket Number | Date of Decision | Disposition | Appeal from and Citation (if reported) |
|---|---|---|---|---|
| * Alonzo v. Estelle | 76–1098 | 9/ 1/76 | AFFIRMED *** | W.D.Tex. |
| * Ball v. Dwyer | 76–1723 | 8/31/76 | AFFIRMED *** | N.D.Ala., 402 F.Supp. 803 |
| * Beasley v. Kroehler Manufacturing Co. | 75–4208 | 8/27/76 | AFFIRMED | N.D.Tex., 406 F.Supp. 926 |
| * Carlton v. Firestone Tire & Rubber Co. | 76–1925 | 8/23/76 | AFFIRMED *** | S.D.Fla. |
| * † Carter v. Busbee | 76–2193 | 9/ 3/76 | AFFIRMED | M.D.Ga. |
| * Central Gulf Steamship Corp. v. U. S. | 75–3778 | 8/27/76 | AFFIRMED *** | E.D.La. |
| * Chinn v. Reed | 76–1605 | 8/30/76 | AFFIRMED *** | S.D.Miss. |
| * † Cousin v. Henderson | 76–1562 | 9/ 2/76 | AFFIRMED *** | E.D.La. |
| * † Daytona Motel Corp. v. Central States, Southeast and Southwest Areas Pension Fund | 76–2134 | 8/24/76 | AFFIRMED *** | M.D.Fla. |
| * † Distefano v. Lykes Bros. SS Co. | 75–3741 | 8/24/76 | AFFIRMED | E.D.La. |
| * † Donner v. Bill Seidle's Datsun, Inc. | 76–2484 | 8/27/76 | AFFIRMED | S.D.Fla. |
| * † Green v. Kansas City Southern Railway Co. | 76–1212 | 9/ 3/76 | AFFIRMED | W.D.La., 399 F.Supp. 1180 |
| * † Howard v. Green | 76–2345 | 8/25/76 | AFFIRMED | E.D.Tex. |
| * † Hubbard v. Estelle | 76–1073 | 8/25/76 | AFFIRMED | N.D.Tex. |
| * † Hunter v. U. S. | 76–2175 | 9/ 3/76 | AFFIRMED | N.D.Miss. |
| * Hayes v. Estelle | 76–1844 | 9/ 2/76 | AFFIRMED *** | N.D.Tex. |
| * Lucero v. Estelle | 76–1552 | 9/ 3/76 | AFFIRMED | W.D.Tex. |
| * Payne v. Hopper | 75–4221 | 9/ 1/76 | AFFIRMED *** | N.D.Ga. |
| * Perkins v. Central Gulf Steamship Corp. | 75–3778 | 8/27/76 | AFFIRMED *** | E.D.La. |
| * † Perkins v. Sansom | 76–2455 | 8/27/76 | AFFIRMED | M.D.Ala. |
| * † Richard v. Aetna Life & Casualty Co. | 76–1979 | 8/30/76 | AFFIRMED | W.D.La. |
| * † Riley v. Fry | 76–1662 | 9/ 2/76 | AFFIRMED | W.D.Tex. |

\* Summary Calendar case; Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

\*\*\* Opinion contains citation(s) or special notations.

† Local Rule 21 case; see NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

## DECISIONS WITHOUT PUBLISHED OPINIONS—Continued

| Title | Docket Number | Date of Decision | Disposition | Appeal from and Citation (if reported) |
|---|---|---|---|---|
| * † Roy Young, Inc. v. Gulf Oil Corp. .................... | 76–1430 | 8/24/76 | AFFIRMED | W.D.La. |
| * † Ruby v. Dresser.Offshore Services, Inc. ........... | 76–1387 | 8/27/76 | AFFIRMED | E.D.La. |
| * † T. Smith & Son, Inc. v. Dixie Machine, Welding & Metal Works, Inc. .............. | 75–3741 | 8/24/76 | AFFIRMED | E.D.La. |
| U. S. v. Aiken ............. | 76–1077 | 8/27/76 | AFFIRMED | S.D.Tex. |
| * † U. S. v. Boswell ........... | 76–1690 | 8/27/76 | AFFIRMED *** | S.D.Fla. |
| * U. S. v. Butler ............. | 76–1757 | 8/30/76 | AFFIRMED *** | S.D.Miss. |
| * † U. S. v. Cardenas ......... | 76–1859 | 9/ 1/76 | AFFIRMED *** | S.D.Tex. |
| * † U. S. v. Conners ......... | 76–1855 | 9/ 3/76 | AFFIRMED | M.D.Ga. |
| * † U. S. v. De La O ......... | 75–4277 | 9/ 3/76 | AFFIRMED | W.D.Tex. |
| * U. S. v. Garcia ............. | 76–1484 | 9/ 1/76 | AFFIRMED *** | S.D.Tex. |
| * U. S. v. Jones ............. | 76–1469 | 9/ 1/76 | AFFIRMED *** | N.D.Fla. |
| * U. S. v. Love ............. | 76–1190 | 8/23/76 | AFFIRMED *** | S.D.Tex., 413 F.Supp. 1122 |
| * † U. S. v. Morgan ........... | 76–1768 | 8/23/76 | AFFIRMED | N.D.Tex. |
| * † U. S. v. Strollo ............ | 76–1564 | 8/30/76 | AFFIRMED | N.D.Ga. |
| * † U. S. v. Taravella ......... | 76–2038 | 9/ 2/76 | AFFIRMED | S.D.Fla. |
| * † U. S. v. Wasserman ....... | 75–2061 | 9/ 1/76 | AFFIRMED | E.D.La. |

* Summary Calendar case; Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

*** Opinion contains citation(s) or special notations.

† Local Rule 21 case; see NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.