This Opinion is a Precedent
of the TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451
General Contact Number: 571-272-8500

DUNN

Mailed: June 7, 2016

Cancellation No. 92057294

*Ashland Licensing & Intellectual Property LLC*

*v.*

*Sunpoint International Group USA Corp.*

Before Kuhlke, Kuczma, and Goodman,
    Administrative Trademark Judges:

By the Board:

This case comes up on Petitioner's renewed motion to amend the consolidated petition to cancel to add the claim, based on facts obtained through discovery, that the applications underlying the subject registrations were void for nonuse prior to registration.[1] The Board finds that a petition to cancel filed when the subject registration is less than five years old tolls the five-year bar set forth in Trademark Act Section 14, 15 U.S.C. § 1064, for the purpose of amendment of the petition to cancel to add claims.

---

[1] The initial motion to amend was denied consideration solely because it was not germane to the then-pending motion for summary judgment.

BACKGROUND

Since the complicated history of this proceeding has been recounted in earlier orders, the Board summarizes only the chronology relevant to this motion.

On March 14, 2007, Respondent's predecessor filed two applications under Trademark Act Section 1(b), 15 U.S.C. § 1051(b), to register the mark MAXVOLINE in standard characters (application Serial No. 77130797) and in special form as shown below:



(application Serial No. 77130800) for "lubricants for automobiles."

On January 8, 2008, the notice of allowance issued for application Serial No. 77130797, requiring Respondent's predecessor to file a statement of use within six months (that is, by July 8, 2008); on April 23, 2008, Respondent's predecessor filed its statement of use, which was accepted; and on June 17, 2008, Registration No. 3450454 issued.

On December 25, 2007, the notice of allowance issued for application Serial No. 77130800, requiring Respondent's predecessor to file a statement of use within six months (that is, by June 25, 2008); on April 23, 2008, Respondent's predecessor filed its statement of use, which was accepted; and on June 24, 2008, Registration No. 3454800 issued.

On June 6, 2013, within five years of issuance of each of the two registrations, Petitioner filed a petition to cancel Respondent's Registration Nos. 3450454 and

3454800 on the grounds of likelihood of confusion, and abandonment. On June 10, 2015, the Board granted as conceded Petitioner's January 30, 2015 motion to add the claim that the registrations were the subject of an invalid assignment, finding that the claim was a variation on the claim of abandonment, and thus not time-barred, but giving no consideration to Petitioner's April 21, 2015 motion to amend the petition to cancel to add a nonuse claim. On September 25, 2015, the Board denied Petitioner's motion for summary judgment on the claim of invalid assignment.

On October 5, 2015, following the resumption of proceedings, Petitioner filed a renewed motion to amend to add a claim for nonuse:

> On information and belief, Respondent had not used in commerce on goods in trade the marks contained in Registration Nos. 3450454 or 3454800 at the time that it filed its applications for the trademark "MAXVOLINE" in March 2007. Nor had Respondent used in commerce on goods in trade the marks contained in Registration Nos. 3450454 or 3454800 at the time it filed its Statement of Use for the trademark "MAXVOLINE" in April 2008. Accordingly, the Registrations should be cancelled for failure to use the mark in commerce on goods in trade.[2]

In support of its motion to amend to add the nonuse claim, Petitioner argues that the Board has a past practice of treating the five-year period set forth in Trademark Act Section 14 as tolled by a Board proceeding involving the registration, and that

---

[2] Although registration may be refused, or a registration may be cancelled, on the ground that the mark is not used on "goods in trade", that claim is not pleaded here. A refusal or claim that the mark is not used on "goods in trade" must plead that the goods are not a "vendible commodity" or "are simply the conduit through which [applicant] renders services." *See In re Shareholders Data Corp.*, 495 F.2d 1360, 181 USPQ 722, 723 (CCPA 1974). Here, the proposed new claim does not allege that Respondent's "lubricants for automobiles" are "incidental items that [Respondent] uses in conducting business… as opposed to items sold or transported in commerce for use by others." *See Lens.com Inc. v. 1-800 Contacts Inc.*, 686 F.3d 1376, 103 USPQ2d 1672, 1674 (Fed. Cir. 2012). Notwithstanding the reference to "goods in trade," the proposed claim merely alleges that the marks were not in use in commerce when Respondent filed its statement of use in each application.

Petitioner filed the motion to amend promptly after Petitioner learned of the factual support for the new claim. Respondent opposes the motion, contending that Trademark Act Section 14 bars adding the proposed claim of nonuse against its registrations which issued more than five years ago at the time the motion to amend was filed, that the Board's past actions are inapposite here, and that Petitioner was not diligent in bringing its new claim.

DISCUSSION

Trademark Act Section 14, 15 U.S.C. § 1064, provides, in pertinent part:

A petition to cancel a registration of a mark … may, upon payment of the prescribed fee, be filed as follows by any person who believes that he is or will be damaged … by the registration of a mark on the principal register established by this chapter…
(1) Within five years from the date of the registration of the mark under this chapter.

***
(3) At any time if the registered mark becomes the generic name for the goods or services, or a portion thereof, for which it is registered, or is functional or has been abandoned, or its registration was obtained fraudulently or contrary to the provisions of section 1054 of this title or of subsection (a), (b), or (c) of section 1052 of this title. …"

A party that files a petition to cancel on the fifth anniversary date of a registration may plead any ground for cancellation, while a petition to cancel filed one day later is restricted to the grounds enumerated in Trademark Act Section 14(3). *See Imperial Tobacco, Ltd. v. Philip Morris, Inc.*, 899 F.2d 1575, 14 USPQ2d 1390, 1392 (Fed. Cir. 1990) ("When a petition for cancellation of a registration is filed more than five years after the date of registration, the statute provides limited grounds for cancellation.");

*Hy-Cross Hatchery, Inc. v. Osborne*, 303 F.2d 947, 133 USPQ 687, 687-88 (CCPA 1962) (same).

I.      *Adding claims in a Board inter partes proceeding against a registration more than five years after issue*

In 1966, the United States Court of Customs and Patent Appeals ("CCPA"), the predecessor to the Federal Circuit, the Board's primary reviewing court, held, in the context of a Board opposition proceeding filed prior to the fifth anniversary of the opposer's registration, that Trademark Act Section 14 does not bar a counterclaim to cancel a registration relied on by the opposer on the ground of likelihood of confusion when more than five years have passed since issuance of the registration. *The Williamson-Dickie Mfg. Co. v. Mann Overall Co.*, 359 F.2d 450, 149 USPQ 518 (CCPA 1966). The CCPA agreed that the Board properly followed the "reasoned opinion" set forth in an earlier 1955 Commissioner's petition decision, *Sunbeam Corp. v. Duro Metal Prods. Co.*, 106 USPQ 385, 386 (Comm'r Pat. 1955), which concluded that the filing of a notice of opposition within five years of the issuance of the registration relied on by opposer tolls the time within which an affirmative defensive action may be filed. The CCPA rejected appellant's analogy to non-trademark cases with a counterclaim in which a statute of limitations was not tolled by the bringing of the action, and noted that "[t]he counterclaim here attacks the basis of the opposer's opposition." *Williamson-Dickie*, 149 USPQ at 521. The CCPA also held:

> This type of proceeding, including as it does opposition to registration predicated, at least in part, on rights flowing from other registrations, with statutory provisions for registration as well as for opposition and cancellation, is sui generis and not strictly comparable to cases of contract, set-off, or recoupment involving claims for libel, slander, assumpsit on promissory notes and the like. The situation is one not likely to arise often nor does it seem to be of vital importance to the law of trademarks. … We will therefore regard the counterclaim as properly before the board on the ground the notice of opposition tolled the statute.

*Id.* at 521-522. As a result, the CCPA affirmed the Board's denial of opposer's motion to dismiss the counterclaim to cancel opposer's two pleaded registrations, because the filing of the opposition before the asserted registrations were five years old tolled the five-year limitation on available grounds for a counterclaim for cancellation of those registrations under Trademark Act Section 14.

Though, as the *Williamson-Dickie* court predicted, the cases are indeed few and far between. When presented with the issue, the Board has followed the holding in *Williamson-Dickie*, finding that the commencement of a Board opposition proceeding tolls Trademark Act Section 14 for the purpose of a defendant adding a counterclaim. *See UMC Indus., Inc. v. UMC Elecs. Co.*, 207 USPQ 861, 866 n. 3 (TTAB 1980); *Humble Oil & Ref. Co. v. Sekisui Chem. Co. Ltd. of Japan*, 165 USPQ 597, 599 n. 4 (TTAB 1970). The Board has also found that the filing of a concurrent use application or the amendment of an unrestricted application to one seeking concurrent use prior to the fifth-year anniversary of a registration identified as an exception to applicant's exclusive right to use tolls the five-year incontestability period for that registration. *Arman's Sys., Inc. v. Armand's Subway, Inc.*, 215 USPQ 1048, 1050 (TTAB 1982). [3]

---

[3] The Board notes that Trademark Trial and Appeal Board Manual of Procedure (TBMP) §307.02(c) (June 2016) ("Factors Affecting the Five-Year Period") acknowledges the past

While the issue before us concerns Petitioner's motion to add a new claim in a Board cancellation proceeding which commenced within five years of the date of registration, rather than a counterclaim brought in a Board opposition proceeding which commenced within five years of the date of registration (or a concurrent use proceeding involving a registration identified as an exception to the concurrent use applicant's exclusive right to use the mark in commerce within five years of the date of registration), we believe this issue presents a variation on the same theme, such that the same reasoning is applicable. More specifically, so long as the cancellation proceeding commences within five years of the date of registration, the five-year limitation under Trademark Act Section 14 is tolled by the commencement of a cancellation action for the purpose of adding claims against the registration by that petitioner.

In reaching this decision, we specifically rely on the CCPA reasoning which found Board proceedings "sui generis and not strictly comparable to cases of contract, set-off, or recoupment involving claims for libel, slander, assumpsit on promissory notes and the like," and thus not bound by the case law defining the application of statutes of limitations. *See Williamson-Dickie*, 149 USPQ at 521-22. We note that the limited Board cases on this point, cited above, have consistently applied the CCPA's reasoning in *Williamson-Dickie, supra*, in opposition proceedings, and we are aware of no prior conflicting Board precedent.

---

practice of tolling the limitations of Trademark Act Section 14 in connection with counterclaims against a registration, as well as the practice of resetting the five year limitation of Trademark Act Section 14 when an amendment to a registration results in an enlargement of registrant's rights.

We also note that the language of the statute (set forth above) and the scant legislative history for Trademark Act Section 14 does not provide clarification on whether or not Trademark Act Section 14 constitutes a statute of repose (for which tolling would be unavailable) or instead is a statute of limitations (for which tolling is available).[4] The legislative history for Trademark Act Section 14 refers to both "repose" and "limitations" as benefits of registration in the proposed trademark law.[5]

Moreover, there are some references to Trademark Act Section 14 as a statute of limitations in the case law.[6] *See Marshak v. Treadwell*, 57 USPQ2d 1764, 1770-1771 (3d Cir. 2001); *McDonnell Douglas Corp. v. Nat'l Data Corp.*, 228 USPQ 45, 46 (TTAB 1985); *Pennwalt Corp. v. Sentry Chem. Co.*, 219 USPQ 542, 546 (TTAB 1983); *Nat'l Serv. Indus., Inc. v. Turtle Wax, Inc.*, 154 USPQ 68, 70 (TTAB 1967).

---

[4] A statute of repose differs from a statute of limitations in that a statute of limitations is procedural, giving a time limit for bringing a cause of action, with the time beginning when the action has ripened or accrued, while a statute of repose is a substantive statute, extinguishing any right of bringing the cause of action, regardless of whether it has accrued. *See* 11A Charles Alan Wright et al., FEDERAL PRACTICE & PROCEDURE § 1056 (3rd ed. 2016).

[5] See H Hrg 75 1938 March 15-18, Subcom on TM, Cmte on Patents, HR 9041, p. 64:
> Therefore, while the limitation of the right to bring cancelation proceedings to a period of 5 years is undoubtedly one of the most beneficial and important changes adopted in the Lanham bill, its effect ought not to be diminished, if not destroyed, by a provision such as section 34-B. It is strongly recommended, therefore, that this section be eliminated.

*See* Senate Report No 77-568 to Accompany S895 July 22 1941, p. 2:
> Naturally, as in dealing with any other kind of property, there should be some ultimate period of repose when rights will adhere, and it has seemed to your committee that a 10-year period is ample.

*See* S Hrg 77 1942 Dec 11 Trademarks – Subcom Senate – Patents Cmte on S. 895, p. 15:
> In essence it is simply the establishment of a statute of limitations, just as we have with reference to land and recorded deeds and things of that kind.

[6] The Board is aware of no authority characterizing the Trademark Act, in general, or Section 14, in particular, as a statute of repose.

*Accord* 3 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 20:55 (4th ed. 2016). However, these cases do not end the inquiry. The Supreme Court recently cautioned that "[w]hile the term 'statute of limitations' has acquired a precise meaning, distinct from 'statute of repose,' and while that is its primary meaning, it must be acknowledged that the term 'statute of limitations' is sometimes used in a less formal way," and, in that less formal sense, "it can refer to any provision restricting the time in which a plaintiff must bring suit." *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2185 (2014) (citations omitted).

The need for the "less formal way" to construe Trademark Act Section 14 is illustrated by considering the applicability of Fed. R. Civ. P. 15(c)(1). The rule specifies that "An amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted …[7]

While one could argue, based on the Board's limited jurisdiction, that all claims which may be brought against a registration arise from the same occurrence –

---

[7] *See* 11A Charles Alan Wright et al., FEDERAL PRACTICE & PROCEDURE § 1496 (3rd ed. 2016) ("Rule 15(c) is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading …The doctrine of relation back is of importance primarily in the context of amendments with leave of court under Rule 15(a) when the statute of limitations is implicated.").

whether Respondent's mark was or remains registrable – and so all claims relate back to the commencement of the proceeding in which registrability is challenged, the reasoning of the CCPA characterizing Board proceedings as sui generis obviates this inquiry. We hold that amendment of pleadings in Board proceedings brought pursuant to Trademark Act Section 14 is one of those instances in which the Federal Rules of Civil Procedure, specifically relation back under Fed. R. Civ. P. 15(c)(1), is not applicable.[8] *See Yamaha Int'l Corp. v. Hoshino Gakki Co.*, 840 F.2d 1572, 6 USPQ2d 1001, 1004 (Fed. Cir. 1988) ("The PTO rules governing the procedure in inter partes proceedings such as oppositions are adapted from the Federal Rules, with modifications appropriate to the administrative process.").

The Board's decision here that the commencement of a cancellation proceeding involving a registration within five years of the date of registration tolls Trademark Act Section 14 for the purpose of adding claims against the registration during the pendency of the Board proceeding will aid the Board in its work. The Board does not wish to discourage early settlement discussions which suspend discovery, and if tolling were not allowed, the plaintiff would be barred from bringing additional claims against a registration after it passes the five-year mark due to the resultant delay in serving discovery, responses to which may reveal the basis for a new claim. Nor does the Board wish to create an incentive

---

[8] We hasten to add that this order does not conflict with any Board precedent regarding the rule. The Board's scant experience with Fed. R. Civ. P. 15(c) comprises a few cases finding the rule inapplicable to the time period for filing a notice of opposition, and the substitution of a new party. *See Huffy Corp. v. Geoffrey Inc.*, 18 USPQ2d 1240 (Comm'r Pat. 1990); *Structural Clay Prods. Inst. v. Crowe-Gulde Cement Co.*, 151 USPQ 206 (TTAB 1966); and *Sweets Labs., Inc. v. The Procter & Gamble Co.*, 66 USPQ 326 (Comm'r Pat. 1945).

for foot-dragging in the production of discovery responses or the scheduling of depositions until after the registration passes the five-year mark by a respondent who finds the risk of a motion to compel may be less than the potential risk of additional claims.[9]

In sum, the petitioner who learns of further grounds for cancellation, and acts without undue delay, may seek to add those grounds, even if the subject registration has passed its fifth anniversary during the pendency of the cancellation proceeding. With this decision we see no contravention of the legislative purpose of Trademark Act Section 14 in limiting the risk of cancellation of registrations. A petition to cancel has been filed before the five-year anniversary date of the registration, and so the registration already is at risk. To hold that the availability of additional claims will vary with the speed with which petitioner obtains discovery responses jeopardizes the Board's orderly disposition of its cases.

---

[9] As noted by the court in *Williamson-Dickie* these are rare circumstances and the Board's work will not be impeded by any rash of unfounded claims. Moreover, the Board has followed the Supreme Court's strictures that the "freely given" leave to amend the pleadings contemplated by Fed. R. Civ. P. 15(a) is based on the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). *Accord Embarcadero Techs., Inc. v. Delphix Corp.*, 117 USPQ2d 1518, 1523 (TTAB 2016); *Commodore Elecs. Ltd. v. CBM Kabushiki Kaish*a, 26 USPQ2d 1503, 1505 (TTAB 1993); *American Optical Corp. v. American Olean Tile Co., Inc.*, 168 USPQ 471, 473 (TTAB 1971). *See also* 6 Charles Alan Wright et al., FED. PRAC. & PROC. CIV. § 1488 (3d ed. 2016) ("a pleader who purposefully delays asserting the matter contained in the amendment has acted contrary to both the general spirit of the federal rules and the liberal amendment policy of Rule 15(a), which are designed to avoid the old 'sporting theory of justice' and to facilitate decisions on the merits."). The petitioner who delays bringing a nonuse claim, now available in the circumstances described in this order, will suffer the same denial of its motion to amend as the petitioner who delays bringing, for example, an abandonment claim.

## II.    *Timeliness of the nonuse claim*

Having determined that the claim Petitioner seeks to add is not precluded by Section 14, we next examine whether Petitioner has acted in a timely fashion.  A party which learns of grounds for a new claim cannot delay too long before raising the claim. *See* Fed. R. Civ. P. 15(a); *Karsten Mfg. Corp. v. Editoy AG,* 79 USPQ2d 1783, 1786 (TTAB 2006). An unexplained delay in filing a motion to amend a pleading (when there is no question of newly discovered evidence) may render the amendment untimely. *Media Online Inc. v. El Clasificado Inc.*, 88 USPQ2d 1285, 1286 (TTAB 2008). Here, Petitioner argues that it only learned of the factual support for the nonuse claim during the June 10, 2014 deposition of Respondent's President Gabriel Pappaterra, and thus the relevant information was not known to Petitioner at the time the petition to cancel was filed. Respondent contends that amendment is untimely inasmuch as Petitioner did not bring its motion to add the claim until April 21, 2015, almost a year after Petitioner obtained the information supporting the claim.

In the unfortunate course of these contentious proceedings, motions which require the suspension of proceedings were filed within weeks of the deposition which gave rise to the claim. Since the first discovery dispute in 2014, every time the Board has resumed proceedings, another flurry of papers followed within days or weeks, including the present motion to amend to add the nonuse claim. The Board finds that proceedings largely were suspended, or there was good cause to believe that proceedings would be suspended, from the time Petitioner learned of the information

supporting the new claim to the filing of the motion to amend. Accordingly, Petitioner did not unduly delay in bringing its motion to amend the petition to cancel.

### III. *Sufficiency of the nonuse claim*

A motion to amend may also be denied if the claim is legally futile. *E.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sanofi-Aventis v. Apotex Inc.*, 659 F.3d 1171, 100 USPQ2d 1756, 1763-64 (Fed. Cir. 2011). But where the circumstances indicate that a proposed claim, as presently pleaded, is insufficient, but could be amended to state a valid claim, the proposed claim is not considered futile. *See, e.g.*, *Polaris Indus. v. DC Comics*, 59 USPQ2d 1798, 1800 (TTAB 2001) (where proposed pleading of dilution was legally insufficient, leave to re-plead allowed). As set forth above, Petitioner's proposed claim alleges that Respondent's marks were not in use in commerce at the time the applications were filed. Inasmuch as the applications were filed under Trademark Act Section 1(b), 15 U.S.C. § 1051(b), there was no requirement that the marks be in use as of the filing date of the application. *See Eastman Kodak Co. v. Bell & Howell Document Mgmt. Prods. Co.*, 994 F.2d 1569, 26 USPQ2d 1912, 1914 (Fed. Cir. 1993) ("Section 1051(b) allows an applicant who alleges a bona fide intent to use a mark to file an application seeking registration on the Principal Register."). Accordingly, the allegations of nonuse as of the filing date of the applications filed under Trademark Act Section 1(b), 15 U.S.C. § 1051(b), must be stricken from any legally sufficient nonuse claim.

With respect to Petitioner's allegation "Nor had Respondent used in commerce on goods in trade the marks contained in Registration Nos. 3450454 or 3454800 at the

time it filed its Statement of Use for the trademark 'MAXVOLINE' in April 2008",
this does not plead the correct legal standard. The Trademark Rules allow an
applicant to submit evidence of use which occurred after the filing of the statement
of use but within the original or extended period for filing the statement of use. *See*
Trademark Rule 2.88(e), 37 C.F.R. § 2.88(e) ("If, as a result of the examination of the
statement of use, the applicant is found not entitled to registration, the applicant will
be notified and advised of the reasons and of any formal requirements or refusals.
The statement of use may be amended in accordance with §§ 2.59 and 2.71 through
2.75."). In an inter partes proceeding, the Board will consider evidence of use which
occurred after the filing of the statement of use but within the original or extended
period for filing the statement of use. *See Embarcadero Techs., Inc. v. Delphix Corp.*,
117 USPQ2d at 1525-26. Accordingly, any legally sufficient nonuse claim must plead
that Respondent failed to use its mark in commerce by June 25, 2008 for its mark in
Registration No. 3454800 and by July 8, 2008 for its mark in Registration No.
3450454, the expiration of the time for filing a statement of use in each application.

While the proposed claim is legally insufficient at present, it is not futile.
Petitioner's motion to amend the consolidated petition to cancel to add the nonuse
claim is GRANTED to the extent that Petitioner is allowed to replead its claim. No
further consideration will be given to the proposed amended petition to cancel.

PROCEEDINGS ARE TO REMAIN SUSPENDED UNTIL PLEADINGS CLOSE

Proceedings herein are to remain suspended except that Petitioner is allowed until
FIFTEEN DAYS from the mailing date of this order to file an amended petition to
cancel which properly pleads the claim of nonuse based on Respondent's alleged

failure to use its marks in commerce by June 25, 2008 for its mark in Registration No. 3454800 and by July 8, 2008 for its mark in Registration No. 3450454, the expiration of the time for filing a statement of use in each application, failing which this proceeding will go forward only as to the claims of likelihood of confusion, abandonment, and invalid assignment set forth in the operative petition to cancel.

If Petitioner files an amended petition to cancel, Respondent is allowed until FIFTEEN DAYS from the date of service of the amended petition to cancel in which to file its answer.

Upon resumption the Board will issue the appropriate schedule.